UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEVEN T. RICHARD                              CIVIL ACTION

VERSUS                                         No. 11-3019

GOLDEN RULE INSURANCE                          SECTION: "A" (4)
COMPANY, et al.

## ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 27)** filed by Defendant, Golden Rule Insurance Company ("Golden Rule"). Plaintiff Steven T. Richard opposes the motion. The motion, set for hearing on October 10, 2012, is before the Court on the briefs without oral argument. For the reasons that follow the motion is **GRANTED**.

### I.  BACKGROUND

Plaintiff Steven T. Richard initiated this suit in state court against Golden Rule, Kevin Mahony ("Mahony"), and Mahony's unidentified errors and omissions insurer. Mahony is an insurance agent. In July 2010, Richard procured a short-term medical insurance policy for himself and his daughter with Golden Rule via Mahony. Richard alleges that the policy was supposed to provide coverage for six months. On November 6, 2010, Richard was involved in an automobile

1

accident. Richard sustained serious injuries as a result of the accident and incurred significant medical expenses. Golden Rule denied Richard's claim contending that the policy he procured provided only one month of coverage and had terminated prior to the accident. This lawsuit followed.

Golden Rule filed the instant motion arguing that it is entitled to summary judgment on all of Plaintiff's claims because there was no insurance contract in place at the time of Plaintiff's accident. For the following reasons, the motion is granted.

## II. **STANDARD OF REVIEW**

Summary Judgment is appropriate only if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed. R. Civ. P 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (1993)).

## III. DISCUSSION

The dispositive issue in this case is whether a short-term insurance policy covering Plaintiff was in place on November 6, 2010, when Plaintiff was injured in an automobile accident. Golden Rule, the purported insurer, denies that coverage was in place on this date. Plaintiff claims that on July 13, 2010, he met with Mahony, an independent insurance agent, and attempted to purchase a six-month policy of insurance for his daughter and himself that, had it been procured, would have provided coverage when he was injured some four months later.

It is undisputed that Mahony submitted an electronic application for Plaintiff. It is also undisputed that this application had, among other options, an option providing for only one month of coverage. It is further undisputed that this one-month option was selected when the application was submitted electronically. Plaintiff claims that Mahony attempted to select a six-month policy option several times but that this option would not submit for approval on-line. Plaintiff alleges that because of these failed attempts, Mahony thereafter selected the one-month policy option which was immediately accepted for approval on-line. Plaintiff alleges that Mahony assured Plaintiff that the policy would automatically renew thereby providing Plaintiff with the six months of coverage that Plaintiff alleges he sought.

As part of the application process, Plaintiff chose an electronic funds transfer ("EFT") payment option. Plaintiff alleges that this was for the purpose of withdrawing future premium payments from his checking account. Plaintiff argues that this EFT payment option provides evidence that coverage was to last for more than one month.

By its own express terms, the one-month policy terminated in the middle of August, 2010. Only one premium payment was ever charged.

Plaintiff argues that the insurance contract was ambiguous and accordingly should be construed in his favor. If there was any ambiguity in this contract, it was created only by the purported assurances made by Mahony or by the option to pay via EFT. In this Court's previous order (Rec. Doc. 20) all claims against Mahony were dismissed as untimely and perempted under Louisiana law. [1] The Court emphasized that peremption differs from prescription in that it extinguishes or destroys the legal right to which it applies. *Bel v. State Farm Mut. Auto. Ins. Co.*, 845 So. 2d 377, 380 (La. App. 1st Cir. 2003) (*citing Coffey v. Block*, 762 So. 2d 1181, 1186 (La. App. 1st Cir. 2000)). Therefore, while the insurance company may have been vicariously liable for Mahony's actions had they not been perempted, once a potential claim against Mahony ceased so too did any vicarious liability appertaining to the insurer.[2] Likewise, the case law is clear that when an agent's actions are imputed to the insurer he represents, La. R.S. 9:5606's peremptive periods apply to the claims against the insurer.[3]

---

[1] La. R.S. 9:5606, entitled Actions for Professional Insurance Agent Liability, provides in relevant part: "No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within *one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.*" La. Rev. Stat. § 5606(A) (emphasis added). Further, subpart D of the statute provides: "The one-year and three-year periods of limitation provided in Subsection A of this Section are *peremptive* periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended." *Id.* § 5606(D). As this Court held in its previous order dismissing any claim against Mahony (Rec. Doc. 20), the issue was whether Plaintiff *should have* discovered that he did not receive a six month policy, and therefore whether his claim was perempted under La. R.S. § 5606(A). The Court held that Plaintiff knew, or should have known, of the existence of a claim against Mahony more than one year before filing suit. Accordingly, any potential claim against Mahony was perempted.

[2] See *Life Investors Ins. Co. of Am. v. John R. Young Chevrolet, Inc.* 730 So. 2d 519, 520-21 (La. App. 3 Cir. 1999).

[3] See generally *Klein v. Am. Life & Cas. Co.*, 858 So.2d 527, 531 (La. App. 1 Cir. 2003).

4

While Plaintiff insists that the EFT payment option indicates that the policy must have been for a term beyond one month, this argument is countered by the express language of the policy at issue. And, as this Court previously held, "In Louisiana an insured is generally responsible for reading his policy and he is presumed to know its provisions." (Rec. Doc. 20 at 5) (citing *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423 (E.D. La. July 21, 2006) (Vance, J.)). On "Section 4 of Golden Rule's policy is a Data Page that clearly delineates when the policy becomes effective, when it terminates, and its duration." (Rec. Doc. 20 at 4). The data page indicates that the policy term is for one month terminating on August 14, 2010. Further, as previously held "Section 2 of the policy, entitled Renewability and Policy Term, unequivocally states that the policy cannot be renewed beyond the termination date listed in the Data Page." For all of these reasons,[4] and upon further review seeing no reason to disrupt the prior holdings, the Court finds that the EFT payment option fails to establish a genuine issue of material fact.

The insurance contract at issue stands unambiguously on its own express terms and this dispute is properly disposed of by way of a motion for summary judgment. As the Fifth Circuit held in *Martco Ltd. Parnership v. Wellons, Inc.*, 588 F.3d 864, 878 (5th Cir. 2009), "[t]he interpretation of an insurance contract presents a question of law, rather than of fact, and therefore is an appropriate matter for determination by summary judgment." (Citing *Bonin v. Westport Ins. Co.*, 930 So.2d 906, 910 (La. 2006)).

Based on its own express terms, this contract provided insurance to Plaintiff for only one

---

[4] In its previous order the Court held: "Plaintiff has argued that his decision to select the EFT payment method on the application supports his contention that Golden Rule was supposed to automatically debit payments for the next five months. The Court reads the form as simply allowing the applicant to pay the premium electronically, regardless of the number of months of coverage." (Rec. Doc. 20 at 5)

month and expired on August 14, 2010. Plaintiff, by his own admission, was on notice from the start that there was, at the very least, an issue with the duration of this insurance policy. Despite this, Plaintiff did nothing after discovering that no premiums were being withdrawn from his checking account after the first withdrawal–as would be expected with a one-month policy. Plaintiff, an attorney, signed the one month policy application accepting the terms of the policy. The policy clearly stated that it was for only one month and that it would not automatically renew. Even if it was reasonable for Plaintiff to rely upon the assertions made by Mahony that the policy would automatically renew, Plaintiff did not act reasonably when he failed to monitor his checking account, and address the issue of coverage when no further withdrawals were made, in light of the explicit and contradictory policy language.

Based on a review of the evidence presented, the Court concludes that no genuine issues of material fact remain. Accordingly, the Court finds it appropriate to grant the instant motion for summary judgment.

**IV. CONCLUSION**

Accordingly, and for the foregoing reasons;

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment (Rec. Doc. 27) filed by Defendant, Golden Rule Insurance Company, is **GRANTED**.

This 28th day of December 2012.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE